CHAD C. SPRAKER
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Email: chad.spraker@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED

JAN 2 3 2015

Clerk, U S District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| UNITED STATES OF AMERICA, | CR 14- \|\| -BU-DLC |
|---|---|
| Plaintiff, | INDICTMENT |
| vs. | WIRE FRAUD<br>Title 18 U.S.C. § 1343<br>(Counts I through V)<br>(Penalty: Twenty years imprisonment, $250,000 fine, and three years supervised release) |
| JOSEPH BRENT LOFTIS, | |
| Defendant. | |
| | MONEY LAUNDERING<br>(Counts VI through X)<br>Title 18 U.S.C. § 1957<br>(Penalty: Ten years imprisonment, $250,000 fine, and three years supervised release) |
| | FORFEITURE<br>Title 18 U.S.C. § 981(a)(1)(C)<br>Title 28 U.S.C. § 2461(c) |

THE GRAND JURY CHARGES:

1

## BACKGROUND

1. Beginning in or about 2008, the defendant, JOSEPH BRENT LOFTIS ("LOFTIS") did business in Bozeman, Montana as a Big Bear Enterprises. LOFTIS later changed the name of his company to Prism Corporation.

2. In or about 2009, LOFTIS entered negotiations with Robert Miller, doing business as Roland Oil, for permission to drill for oil on land leased by Miller near Cut Bank, Montana.

3. In or about 2009, LOFTIS contacted Junkermier, Clark, Campanella, Stevens, P.C. (JCCS) about completing accounting and tax work for Prism. LOFTIS did not ask JCCS to perform auditing services or create financial statements for Prism. LOFTIS signed an engagement letter with JCCS but did not provide JCCS with the bookkeeping information to allow JCCS to complete its services.

4. In or about September 2009, Robert Miller died. LOFTIS continued negotiations with Miller's business partner, John Harper, and obtained Harper's permission to drill for oil on the leased land for approximately $170,000 and shared revenue from oil production.

5. From in or about February 2010 through in or about August 2010, LOFTIS drilled for oil on the leased land in Montana and obtained approximately 200

barrels a month but did not pay Harper the agreed upon $170,000 or the shared oil revenue.

6. In or about 2010, LOFTIS approached Ace Park, President of Gulfstream Oil. LOFTIS obtained Park's permission to rework and drill wells on land leased by Park in Harrison County, Texas in exchange for $69,000. Under the agreement, Gulfstream would retain substantial oil production rights on the leased land. LOFTIS did not pay Park the agreed upon $69,000.

7. In or about 2010, LOFTIS recorded a transfer of oil production rights on Park's leased land with the Texas Railroad Commission. LOFTIS did not account for the oil production rights that Gulfstream Oil and Park retained under the agreement.

## COUNTS I – V

### (Wire Fraud)

8. Paragraphs 1 through 7 of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.

### SCHEME TO DEFRAUD

9. From in or about 2008 through in or about 2011, the defendant, JOSEPH BRENT LOFTIS, in the District of Montana and elsewhere, devised and intended to devise a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

It was part of the scheme that:

10. LOFTIS represented to investors that he had property rights to land producing oil when in truth he did not have the property rights.

11. LOFTIS represented to investors that one or more wells were producing a volume of oil when in truth the wells were not producing that volume.

12. LOFTIS represented to investors that no oil was being produced from a well when in truth oil was being produced from the well.

13. LOFTIS represented to investors that JCCS was performing audit services for Prism when in truth JCCS was not performing auditing services for Prism.

14. LOFTIS represented to investors that their investment would be used for business expenses when in truth LOFTIS used the investors' funds for LOFTIS's personal benefit.

15. LOFTIS represented to S.A. that LOFTIS was licensed to sell securities in Montana when in truth he was not licensed to sell securities.

16. LOFTIS represented to investors that he would return their investment by check when in truth the check had a stop payment order placed on it or was not payable with sufficient funds.

17. LOFTIS represented to investors that he had obtained one or more college degrees when in truth he had not earned the college degree(s).


18. LOFTIS represented that he did not have a criminal record when in truth he did have a criminal record.

## EXECUTION OF THE SCHEME

19. On or about each of the dates set forth below, in the District of Montana, the defendant, JOSEPH BRENT LOFTIS, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals described below for each count, each transmission constituting a separate count:

| Count | Date | Amount | Origin | Recipient |
|---|---|---|---|---|
| I | 2/3/2010 | $42,000.00 | R.G. | Prism Corporation, Wells Fargo Bank account XXXXXX2037 |
| II | 8/23/2010 | $150,000.00 | Goodland Holdings | Prism Corporation, Wells Fargo Bank account XXXXXX2037 |
| III | 10/7/2010 | $45,000.00 | Goodland Holdings | Prism Corporation, Wells Fargo Bank account XXXXXX2037 |
| IV | 8/9/2011 | $997,475.00 | Gottbetter Partners | Prism Corporation, Wells Fargo Bank account XXXXXX2037 |
| V | 9/14/2011 | $208,024.10 | Gottbetter Partners | Prism Corporation, Wells Fargo Bank account XXXXXX2037 |

All in violation of 18 U.S.C. § 1343.

## COUNTS VI – X

### (Money Laundering)

20. Paragraphs 1 through 19 of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.

21. On or about the dates below, in the District of Montana and elsewhere, JOSEPH BRENT LOFTIS, knowingly engaged in the following monetary transactions in criminally derived property of a value greater than $10,000 from a specified unlawful activity, that is wire fraud in violation of 18 U.S.C. § 1343, each transaction constituting a separate count:

| Count | Date | Amount | Description |
|---|---|---|---|
| VI | 7/14/2010 | $100,045.00 | Check number 1528 |
| VII | 8/30/2011 | $100,000.00 | Check number 1973 |
| VIII | 7/5/2011 | $17,255.00 | Check number 1606 |
| IX | 8/19/2011 | $190,000.00 | Wire transfer |
| X | 8/20/2011 | $29,750.00 | Check number 1730 |

All in violation of 18 U.S.C. § 1957.

### FORFEITURE ALLEGATION

22. The allegations contained in paragraphs 1 through 21 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

23. Upon conviction of an offense in violation of 18 U.S.C. § 1343 set forth in this Indictment, the defendant, JOSEPH BRENT LOFTIS, shall forfeit to the

United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

24.  Upon conviction of an offense in violation of 18 U.S.C. § 1957 set forth in this Indictment, the defendant, JOSEPH BRENT LOFTIS, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

25.  If any of the property, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

//

//

A TRUE BILL.   Foreperson signature redacted.  Original document filed under seal.

*[signature]*

MICHAEL W. COTTER
United States Attorney

*[signature]*

JOSEPH E. THAGGARD
Criminal Chief Assistant U.S. Attorney

Crim. Summons _____
Warrant: ✓ _____
Bail: _____