IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION



| UNITED STATES OF AMERICA, | CV 15-11-BU-DLC |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| JOSEPH BRENT LOFTIS, | |
| Defendant. | |

Before the Court is Defendant, Joseph Brent Loftis' ("Loftis") Motion in Limine (Doc. 131) to exclude evidence protected by marital privilege. For the reasons described below, the Court will grant this Motion.

## DISCUSSION

District courts "have broad discretion to make . . . evidentiary rulings conducive to the conduct of a fair and orderly trial." *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996); *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999).

Loftis moves to exclude any evidence or testimony from Loftis' ex-wife, Gillian Hunter ("Hunter") that pertains to protected marital communications. (Doc. 132 at 2.) This marriage began on December 31, 2009 and concluded

-1-

approximately two years later, coinciding with the events alleged in the Government's Third Superseding Information. (Docs. 98, 132 at 2.) The Government concedes that certain testimony is covered by the privilege, and recognizes its obligation not to introduce privileged communications at trial. (Doc. 136 at 2.) However, the Government does intend to elicit Hunter's testimony regarding Loftis' actions, statements that did not occur during the marriage, and non-confidential statements. *Id.*

Federal common law governs the scope of privileged testimony and recognizes two privileges arising from the marital relationship. *See* Fed. R. Evid. 501; *United States v. Bolzer*, 556 F.2d 948, 951 (9th Cir. 1997). Because Loftis and Hunter are divorced, only the second form of the privilege applies. *Id.* (describing the first form of privilege to bar all testimony between currently married spouses). The second, so-called "marital communications" privilege covers any testimony of communication made privately between spouses. *In re Grand Jury Investigation of Hugle*, 754 F.2d 863, 864 (9th Cir. 1985); *United States v. Lustig*, 555 F.2d 737, 747 (9th Cir. 1977), cert. denied. This privilege "extends to utterances" and "acts intended as communication to the other spouse" during a valid marriage. *Pereira*, 347 U.S. at 6; *United States v. Marashi*, 913 F.2d 724, 729 (9th Cir. 1990). The privilege may be invoked even after dissolution of the marriage. *Lustig*, 555 F.2d at 747. The privilege applies only

to confidential communications, and does not include statements which are made before, or likely to be overheard by, third parties. *See e.g., Pereira v. United States*, 347 U.S. 1, 6 (1954); *see also Lefkowitz*, 618 F.2d at 1318.

Here, Loftis and Hunter had a valid marriage during the period of time that Loftis was allegedly engaged in fraudulent business activities, and thus the marital communication privilege will bar all testimony of confidential communications between Loftis and Hall during the marriage. However, to the extent that the Government intends to introduce evidence that is not covered by this privilege, this evidence may be admissible. Specifically, the Government intends to introduce Hunter's testimony regarding communication arising prior to the marriage, her personal knowledge regarding Loftis' business dealings, her knowledge of bank and tax records, her knowledge of Loftis' property, her own actions related to the business, and statements made by Loftis' in the presence of third parties. This Court will not bar this testimony on the basis of privilege. Accordingly,

IT IS ORDERED that Defendants Motion in Limine to Exclude Evidence Protected by the Marital Privilege (Doc 131) is GRANTED.

DATED this 1st day of March, 2018.

Dana L. Christensen, Chief Judge
United States District Court