IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JOSEPH BRENT LOFTIS, Defendant. | CV 15–11–BU–DLC<br><br>ORDER |

Before the Court is Defendant, Joseph Brent Loftis' ("Loftis") Motion to Suppress Evidence (Doc. 133) which seeks to suppress, at minimum, all evidence obtained by the Government after Loftis' arrest. (Doc. 134 at 2.) Loftis also asks the Court to generally instruct the jury that the evidence obtained by the Government should be viewed with skepticism. The Government opposes this Motion. (Doc. 140). For the reasons described below, the Court will deny this Motion as moot, and will not impose the remedy requested.

## DISCUSSION

Loftis argues that his Fourth Amendment rights were violated when Officer Rice seized his phone for a period of approximately three hours following Loftis' arrest. (Doc. 134 at 2–3.) A warrant was never issued for the phone, and no

warrant exceptions apply. (*Id.* at 3–4.) Because the phone was not password protected, and because it is unknown whether any search of it occurred, Loftis concludes that all evidence found subsequent to his arrest must be suppressed. (*Id.* at 3–5.)

The Government concedes that any search of the phone would have violated Loftis' Fourth Amendment rights, however, this violation did not occur because the phone was never searched. (Doc. 140 at 2–3.) The Government cites to the Supreme Court's decision in *Riley v. California*, 134 S.Ct. 2473 (2014), which held that the search of a cell phone does not meet the warrant exception of a "search incident to arrest," but nonetheless the temporary seizure of a cell phone during an arrest is permitted to ensure that the evidence is preserved. *Id.* at 2486.

Given that the phone was never searched, the Court will deny Loftis' Motion as moot. To the extent that Loftis claims that there is inconsistent testimony regarding where the phone was kept for those three hours, the salient point is that the phone was never searched. Loftis' concedes that the Government produced no discovery pertaining to the contents of the phone. Thus, there is no evidence to suppress. For this reason, the Court will further deny Loftis' request for the limiting instruction that all evidence obtained by the Government should be viewed with skepticism. Accordingly,

IT IS ORDERED that Defendants' Motion to Suppress (Doc 133) is

DENIED as moot.

DATED this 1st day of March, 2018.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court