IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15–11–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JOSEPH BRENT LOFTIS, | |
| Defendant. | |

Before the Court is Defendant Joseph Brent Loftis' ("Loftis") Motion for Exculpatory Evidence (Doc. 127). Pursuant to L.R. CR 16.1, Loftis requests an order for the Government's timely production of all relevant or exculpatory information as it relates to Adam S. Gottbetter ("Gottbetter"), Gottbetter Partners, Tydus Richards ("Richards"), Noah Levinson ("Levinson"), and Barrett DiPaolo ("DiPaolo"). (Docs. 128 at 10; 146 at 8.) The Government contests this Motion, asserting that it has complied with its discovery obligations and arguing that the requested information is not exculpatory. (Doc. 139 at 7–8.)

Loftis is charged in a Third Superseding Information with five counts of wire fraud in violation of 18 U.S.C. § 1343 and two counts of money laundering in violation of 18 U.S.C. § 1957. (Doc. 98 at 1.) Two of the five counts of wire

fraud allege that Loftis' scheme to defraud included wire communications between Loftis' business, Prism Corporation, and Gottbetter Partners. (*Id.* at 4.) In 2014, Adam S. Gottbetter, the individual with exclusive control of Gottbetter Partners, pled guilty to conspiring to commit securities fraud and mail fraud. (Doc. 139 at 3.) Loftis contends that it is plausible that Gottbetter was attempting to implement a scheme to defraud Loftis and Prism Corp. (Doc. 128 at 7.) As a significant amount of the losses alleged to have resulted from Loftis' fraudulent activity originate from an individual known to have extorted oil and gas companies, Loftis has requested information concerning the investigation of Gottbetter and his associates.

To establish a *Brady* violation, evidence must be: (1) favorable to the accused because it is either exculpatory or impeachment material; (2) suppressed by the government, either willfully or inadvertently; and (3) material or prejudicial. *United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004). Although the terms have become synonymous, *Brady* evidence is "evidence favorable to an accused," *Brady v. Maryland*, 373 U.S. 83, 87 (1963), while *Giglio* evidence is "*all* material information casting a shadow on a government witness's credibility." *United States v. Bernal-Obeso*, 989 F.2d 331, 333–34 (9th Cir. 1993) (emphasis in original). Whether impeachment information is material depends upon whether "there is a reasonable probability that, had the evidence been disclosed to the

defense, the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433 (1995). When determining materiality for purposes of *Brady*, the allegedly suppressed evidence is "considered collectively, not item by item." *Id.* at 437. This Court's Local Rules further provide that exculpatory information is all information "favorable to the defendant" because it "casts doubt on the credibility or accuracy of any evidence or testimony that the government anticipates offering in its case-in-chief." L.R. CR 16.1(b)(3).

The Government's assertion that it has complied with its discovery obligations because it has provided "all the discoverable information in its possession regarding Loftis's dealings with Gottbetter Partners" is incorrect. (Doc. 139 at 8.) The scope of the Government's position in this regard is too narrow. As Loftis points out, "the dealings of Gottbetter, Richards and Levinson are intrinsically intertwined through the dealings of Gottbetter Partners" and "any evidence related to any of those dealings becomes relevant in challenging the legitimacy of the claims against Loftis and the credibility of the witnesses leveraging them." (Doc. 146 at 6.) Under L.R. CR 16.1, Loftis' assertion is correct. The Government cannot limit the production of information to solely that information directly related to Loftis' dealings with Gottbetter and must make available to Loftis any information which "casts doubt on the credibility or accuracy" of the Gottbetter dealings. This includes the information requested by

-3-

Loftis as it is "favorable to the accused" because it allows him to prepare a defense and is relevant for both impeachment and exculpatory purposes. Accordingly,

IT IS ORDERED that Loftis' Motion for Exculpatory Evidence (Doc. 127) is GRANTED. The Government must produce the requested information for Loftis' inspection on or before Friday, March 9, 2018.

DATED this 1st day of March, 2018.

Dana L. Christensen, Chief District Judge
United States District Court