IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH BRENT LOFTIS,<br><br>Defendant. | CR 15–11–BU–DLC<br><br>ORDER |

Before the Court is Defendant Joseph Brent Loftis' ("Loftis") Motions in Limine (Doc. 129) seeking exclusion of certain evidence during trial. Specifically, Loftis requests that the Court exclude documents protected by the attorney-client privilege, evidence of Loftis' previous felony conviction, evidence of various civil judgments entered against him, disparaging opinion evidence, and all evidence that was not presented to the grand jury for indictment. For the following reasons, Loftis' Motion will be granted in part, denied in part, and the Court will reserve ruling in part.

**DISCUSSION**

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. The decision on a motion in limine is consigned

-1-

to the district court's discretion—including the decision of whether to rule before trial at all. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). A motion in limine "should not be used to resolve factual disputes or weigh evidence." *BNSF Ry. v. Quad City Testing Laboratory, Inc.*, 2010 WL 4337827 at *1 (D. Mont. 2010). Evidence shall be excluded in limine only when it is shown that the evidence is "inadmissible on all potential grounds." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id*. "This is because although rulings on motions in limine may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.* Rulings on motions in limine are provisional and the trial judge may always change his mind during the course of trial. *Luce v. United States*, 469 U.S. 38, 41–42 (1984).

## I. Documentary evidence protected by the attorney-client privilege

Loftis' Motion is unopposed and, consequently, will be granted. The United States indicates that it does not "intend to introduce any evidence protected by attorney-client privilege" but reserves the right to admit the October 13, 2011, email from Chad Bassett to Loftis in the event that Loftis attempts to defend himself by arguing that he acted in reliance on advice of counsel. (Doc. 137 at 2–

3.) The Court notes Loftis reserves the right to dispute whether the Government may be allowed to admit Chad Bassett's communications to third parties as Loftis' agent or employee under Federal Rule of Evidence 801(d)(2)(D). (Docs. 137 at 2–3; 145 at 2.)

## II. Testimony or Exhibits Related to Previous Fraud Conviction

In 1995, Loftis pled guilty to bank fraud and false statement to a financial institution causing a criminal act. (Doc. 145 at 3.) In the Third Superseding Information it is alleged that it "was part of [his] scheme that . . . LOFTIS would and did represent that he did not have a criminal record when in truth he did have a criminal record." (Doc. 98 at 3.) Loftis contends that evidence of this prior conviction should be excluded from trial.

In summary, Loftis argues the following: (1) Federal Rule of Evidence 609(a)(1)(B) prohibits introduction of the prior conviction because more than ten years have passed and the Government has not given him written notice; (2) Loftis was not required to inform potential investors that he had a prior conviction; (3) under Rule 404(b), the prior conviction is too old to be relevant to show Loftis' intent to defraud; and (4) the unfair prejudice which would result from this evidence substantially outweighs its probative value. (Doc. 130 at 4–9.) The Government counters that Rule 609 is inapplicable because the prior conviction is not being introduced to attack Loftis' character for truthfulness but to show that he

lied about his criminal record to induce trust in his victims. (Doc. 137 at 4–5.) Moreover, the Government contends that the past conviction is not evidence of "other" crimes under Rule 404 because it will be used to show the falsity of the misrepresentations by which Loftis implemented his scheme to defraud his victims as indicted. (*Id.* at 4–5.) For these reasons, the Government contends that any prejudice Loftis will experience as a result of this evidence does not substantially outweigh its probative value. (*Id.* at 6.)

The Court is convinced that it is highly relevant that Loftis lied to his victims when they specifically asked him about his criminal record because it constitutes part of the means he employed to implement his scheme to defraud. For this same reason, the Court is satisfied that Rule 609 is inapplicable here. However, it is not as clear whether or not the specifics of the underlying offense are relevant. The Court is not satisfied that the remoteness of the conviction is controlling or that it necessarily renders this evidence inadmissible. As this Court has previously noted in *United States v. Villarreal*, 2017 WL 4621784 at *5 (D. Mont. Oct. 16, 2017), the elapsed length of time is not the only consideration at play when deciding whether evidence of a prior crime is admissible under Rule 404. Rather,

> The better test . . . is whether the prior crime is similar in nature and in its material elements to have clearly probative value with respect to the intent of the accused at the time of the offense charged. Under

> this test, prior crimes involving deliberate and carefully premeditated intent—such as fraud and forgery—are far more likely to have probative value with respect to later acts than prior crimes involving a quickly and spontaneously formed intent—such as assault.

*Id.* (quoting *United States v. San Martin*, 505 F.2d 918, 922–23 (5th Cir. 1974)). It follows that past convictions involving fraud or forgery may have a longer shelf-life than other convictions in regard to proving intent to defraud which is also why a number-of-years rule is unwieldly in these circumstances. Nonetheless, the Court need not decide this issue at this time.

The Court will reserve ruling on this issue until trial. If a witness testifies that Loftis was asked, or he volunteered, that he had no criminal record, then evidence of only a prior conviction is admissible. However, if a witness testifies that the witness asked Loftis specifically about a fraud conviction, and he denied it, then evidence of the nature of the prior conviction will become admissible at that time. Further, the Government is prohibited from discussing the prior conviction in its opening statement.

### III. Testimony Related to Civil Judgments

As the Government does not oppose this aspect of Loftis' Motion, it will be granted. However, the Government notes that Loftis has not moved to exclude "evidence that he and others were involved in lawsuits during the course of the scheme" and the Government reserves its ability to present this evidence. (Doc.

137 at 6–7.)  The Court notes that the parties have reserved their respective rights to argue whether the Government may introduce evidence of the judgments entered against Loftis in the event that Loftis attempts to indicate by any means during trial that the civil litigation demonstrates that "he was pursuing a meritorious legal position."  (Docs. 137 at 7; 145 at 10–11.)

## IV. Testimony that Invades the Province of the Jury

Loftis next requests that the Court prohibit any lay witness from testifying to the effect that Loftis is a "fraud," "scammer," or "con man" pursuant to Federal Rule of Evidence 701 which limits the scope of testimony of lay witnesses.  (Doc. 130 at 12–13.)  Indicating that this type of evidence is inadmissible under Rule 404(a)(1), the Government does not oppose this aspect of Loftis' Motion.

Notwithstanding the above, the Government opposes Loftis' Motion to the extent that he requests that witnesses be prohibited from characterizing Loftis' *actions or interactions* with themselves.  (Doc. 137 at 7.)  The Government asserts that opinions "from victims that they were deceived, defrauded, or scammed is simply inseparable from the reality of their losses of thousands, and in some cases millions, of dollars based upon what they later discovered to be false statements."  (*Id.*)  Loftis argues that such evidence is separable and that allowing witnesses to say that they were deceived or scammed by him, or that he was deceitful or dishonest in his dealings with them should be prohibited by Rule

404(b)(1) which prohibits evidence of other acts.   (Doc. 145 at 11.)

Loftis' argument seems to confuse the permissibility of a witness labeling Loftis in a disparaging manner and the permissibility of a witness to testify as to how she was deceived or lied to in her dealings with Loftis.   Further, Loftis' argument inexplicably invokes Rule 404(b)(1) as prohibiting this evidence.   (*Id.*) Loftis points to no law indicating that a witness or victim cannot testify as to their belief that they were deceived by the defendant.   To follow Loftis' reasoning, this Court would be equally bound to prohibiting the victim of an assault from testifying at her assailant's trial that her assailant struck her.   Further, Loftis' attempt to characterize this expected testimony as "opinion" testimony outside the realm of which a lay witness may competently testify is similarly unpersuasive. A lay witness' opinion that she was deceived is not opinion testimony beyond the ken of a lay witness as it is "rationally based on the witness's perception."   Fed. R. Evid. 701(a).   The Government is correct that the relevant testimony of a victim that she lost money as a result of deceit is inseparable from her testimony that she was deceived.

For these reasons, Loftis' Motion will be granted in part and denied in part. The Government is prohibited from eliciting any conclusory opinions of Loftis' bad character from witnesses.   However, to the extent that Loftis requests this Court to prohibit witnesses from using words indicating that they were deceived,

his Motion is denied.

**V.      Facts Not Contained In Grand Jury Indictment**

Lastly, Loftis asserts that the Government should be prohibited from proffering any evidence at trial which was not "found by or even presented to a Grand Jury." (Doc. 130 at 14–15.) However, Loftis consented to being charged by information in this case, (Doc. 106 at 1), and the Third Superseding Information upon which he will be tried was never presented to a grand jury but was instead "charged by the United States Attorney." (Doc. 137 at 8.) Moreover, the "quantum of evidence necessary to indict is not as great as that necessary to convict." *Silverthorne v. United States*, 400 F.2d 627, 634 (9th Cir. 1968). Accordingly, this motion in limine is denied.

IT IS ORDERED that Loftis' Motions in Limine (Doc. 129) is GRANTED IN PART, DENIED IN PART, and the Court RESERVES RULING IN PART as specified herein.

DATED this 8th day of March, 2018.

Dana L. Christensen, Chief District Judge
United States District Court