IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JOSEPH BRENT LOFTIS, Defendant. | CR 15–11–BU–DLC ORDER |

Before the Court is Defendant Joseph Brent Loftis' ("Loftis") eleventh-hour Motion to Dismiss (Doc. 168) arguing that the late disclosure of "exculpatory" evidence on behalf of the Government warrants dismissal of the charges relating to that information with prejudice. For the following reasons, the Court will deny Loftis' Motion to Dismiss.

## DISCUSSION

Loftis contends that the charges related to his dealings with Adam S. Gottbetter and Gottbetter & Partners, LLC, must be dismissed with prejudice under Federal Rule of Criminal Procedure 48(b). The Court cannot agree. Additionally, Loftis makes the superfluous argument that if the Court were to continue the trial to allow Loftis the time he deems necessary to process the new

-1-

information, there would be a Speedy Trial Act violation necessitating dismissal of his case. As was made clear to both parties at the final pretrial conference held on March 12, 2018, this case is proceeding to trial as scheduled beginning March 19, 2018, and there will not be another continuance. Consequently, the Court will not expend any more time addressing Loftis' hypothetical legal scenario and proceeds only to the extent necessary to explain why dismissal with prejudice under Rule 48(b) is not warranted in this case.

Federal Rule of Criminal Procedure 48(b) provides, in relevant part, that the Court "may dismiss an indictment, information, or complaint if unnecessary delay occurs in . . . bringing a defendant to trial." While this Court has discretion under Rule 48 to dismiss the information, dismissal "should be imposed only in extreme circumstances." *United States v. Huntley*, 976 F.2d 1287, 1291 (9th Cir. 1992) (quoting *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 737 (9th Cir. 1989)).

The Ninth Circuit has directed that district courts may "dismiss a count under Rule 48(b) only 'with caution' and only after 'forewarning' prosecutors of the consequences of their delay." *United States v. Talbot*, 51 F.3d 183, 186–87 (9th Cir. 1995) (quoting *United States v. Simmons*, 536 F.2d 827, 836 (9th Cir. 1976)). "The caution requirement is satisfied where the reason for dismissal is 'prosecutorial misconduct and demonstrable prejudice or substantial threat

thereof.'" *Id.* at 187 (quoting *United States v. Hattrup*, 763 F.2d 376, 378 (9th Cir. 1985)). Dismissal under Rule 48(b) is only appropriate "where there is delay that is purposeful or oppressive." *Sears, Roebuck & Co.*, 877 F.2d at 739 (internal quotation marks and citations omitted).

Here, these factors are do not weigh in favor of dismissal. First, there has been no forewarning in this case. Second, there has been no finding, or evidence to support a finding, of prosecutorial misconduct. Third, while there is certainly a threat of prejudice stemming from the late disclosure of this evidence, this prejudice can be rectified by alternative means. Lastly, the Court is convinced that the delay was not purposeful or oppressive on the part of the Government.[1] Consequently, dismissal is not appropriate in this case.

As just mentioned, the prejudice stemming from the disclosure in this case can be rectified by alternative means. The Court here notes that the United States has offered to stipulate to a jury instruction which would set forth "the same facts

---

[1] In ordering the production of the materials related to Adam S. Gottbetter and Gottbetter & Partners, LLC, the Court did not indicate by any means that the Government was guilty of misconduct by not previously producing the requested information. (Doc. 157.) While the Court indicated that L.R. CR 16.1 widened the scope of information to be produced to include the Gottbetter information requested by Loftis, this was by no means so clear as to preclude argument on the subject. Accordingly, the Government was well within its right to argue against the disclosure. Further, the late hour at which this argument occurred is not the fault of the Government, as it timely responded to Loftis' Motion for Exculpatory Evidence filed on January 29, 2018. Loftis' liberal reading of the record in this case to support his arguments to the contrary do not merit further analysis.

Loftis sought to uncover" in his Motion for Exculpatory Evidence. (Doc. 173 at 8.) However, whether this is agreed to is out of the hands of the Court. As Loftis' primary complaint is that he is at a disadvantage owing to the fact that his expert, Jack Manning, cannot timely supplement his opinion to account for the new information (Doc. 169 at 8–9), the Court believes that some relief is necessary. Accordingly, the Court will give Loftis an extension of time in which to supplement Jack Manning's expert opinion in light of the recently disclosed information.

IT IS ORDERED that Loftis' Motion to Dismiss (Doc. 168) is DENIED.

IT IS FURTHER ORDERED that Loftis must file any supplemental expert opinion of Jack Manning at least two days before he is to testify at trial.

DATED this 14th day of March, 2018.

Dana L. Christensen, Chief District Judge
United States District Court