IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION



FILED
MAR 16 2018
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15–11–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JOSEPH BRENT LOFTIS, | |
| Defendant. | |

Before the Court is Defendant Joseph Brent Loftis' Motion to Exclude (Doc. 170). Loftis requests that certain Government exhibits be excluded because they were untimely and contain "expert material that should have been disclosed with accompanying reports and qualifications from a witness qualified to discuss them." (Doc. 171 at 4–5.) For the following reasons, Loftis' Motion will be denied.

## DISCUSSION

Loftis first contends that Government exhibits 249 through 254 were untimely disclosed because the exhibits themselves were not produced by February 16, 2018, the date the Court set for "the United States [to] produce its final witness list, including expert witnesses and trial exhibits." (Doc. 171 at 5–7.) Loftis contends that although the exhibits were listed on the Exhibit List provided on

February 16, 2018, exhibits 249 through 254 were not produced until March 8, 2018. (*Id.* at 2.) Loftis argues that the alleged untimeliness violated the Court's Discovery Order and, further, was "motivated by a desire to obtain a tactical advantage." (*Id.* at 9–11.)

Despite Loftis' attempts to establish the contrary, there is no ambiguity in the Court's iterated expectation of what the Government needed to produce on February 16, 2018. The original Scheduling Order in this case did not include a deadline for the Government's production of exhibits and, instead, only provided that exhibits "are to be bound in a loose leaf binder with extended tabs and submitted to the Court immediately prior to trial." (Doc. 17 at 8.) Years later, when this case resumed its trajectory to trial, this Court explained that "due to the number of reported witnesses in this case, the Court will require the Government to produce a preliminary and final list of intended witnesses and trial exhibits by certain deadlines." (Doc. 84 at 4.) After trial was continued once more, the Court twice granted joint motions seeking to extend the deadline "for the government's disclosure of its final list of witnesses, including expert witnesses, and trial exhibits." (Docs. 112 at 3; 122 at 2.) The January 25, 2018 Order setting the deadline Loftis disputes stated that the "parties jointly request the Court to extend . . . the final exhibit and witness list deadline applicable to the United States." (Doc.

124 at 1.) All of this makes it very clear that when the Court proceeded to grant the request and order that "the United States shall produce its final witness list, including expert witnesses and trial exhibits, by February 16, 2018," the Court expected the production of a list and not the production of expert witnesses and exhibits themselves. (*Id.* at 1.)

Simply put, the deadline Loftis contends that the Government missed was the Government's deadline for producing an exhibit list, not the deadline for producing the exhibits themselves. Because the Court is convinced that the Government complied with its Discovery Order, the Court will not labor to decide whether the Government harbored an intent to ensure that Loftis had "inadequate time to review and analyze" the evidence presented against him when it complied with its exhibit list deadline. (Id. at 12.)

Nonetheless, the Court needs to address Loftis' last argument that the exhibits should be excluded because they contain expert opinion which should have been labeled as such and accompanied by expert reports and qualifications. (Doc. 171 at 13.) The exhibits that Loftis takes issue with are summary exhibits of different bank accounts which each depict a graph representing summations of various categories of credits and debits tied to that account during a specific date range. For example, each graph has a category titled "cash" which shows the

amount of money that was both deposited and deducted from the account in that form over the time period specified. (Docs. 174-3 at 1; 174-4 at 1; 174-5 at 1; 174-6 at 1; 174-7 at 1.) Other examples include summations of the amounts deducted or deposited for categories such as "law firm" or "restaurant." Loftis asserts that these summary exhibits must be excluded because he has "not received any expert disclosure" regarding these exhibits "even though the information the Government is now attempting to produce at trial is beyond the knowledge and skill of a lay person and requires expert qualifications to disseminate." (Doc. 171 at 14.) The Court cannot agree.

As just explained, the summary exhibits at issue do no more than lump transactions into types and then present the summation of credits or debits in that type of transaction for the time period specified. This is simple arithmetic and categorization that is well within the ken of the average person and does not necessitate presentation by a witness vetted by Federal Rule of Evidence 702. Further, the summary exhibits do not contain opinion evidence. For these reasons, the Court is satisfied that the exhibits do not include expert opinion and need not be accompanied by the expert reports and qualifications required if they did.

The Government has produced these exhibits in compliance with Federal Rule of Evidence 1006 which provides that a proponent "may use a summary,

chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court" if the proponent makes "the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." Here, the summary exhibits were produced with duplicate records of the voluminous bank account records they summarize. Accordingly,

IT IS ORDERED that Loftis' Motion to Exclude (Doc. 170) is DENIED.

DATED this 16th day of March, 2018.

Dana L. Christensen, Chief District Judge
United States District Court